*In re* THORNE'S ESTATE.

(*Surrogate's Court, New York County.* September 28, 1889.)

WILLS—UNDUE INFLUENCE.
    Where a testator's love for his wife and her children by a former marriage was strong, it is no evidence of undue influence on their part that by his will he made ample provision for their support.

Application for revocation of probate of will.

*William G. Low,* for petitioner.   *Stickney & Shepard,* for respondents.

RANSOM, S.   The clear impression made by the argument in this proceeding on my mind—that the will of this decedent, probate of which is sought to be revoked, was lawfully executed by a competent testator, without fraud, restraint, or undue influence—has become, after a careful reading of several hundred pages of testimony, and attentive study of the able briefs of counsel, a settled conviction that such impression was sound.   On the trial the learned counsel for the contestants abandoned every allegation of the petition, except that of undue influence.   This action on his part was fully warranted by the testimony, as no lack of testamentary capacity had been shown; but, on the contrary, it had been proved by contestants' own witnesses that the testator was, at the time he executed the will, a man of unusual mental strength, and of undoubted testamentary capacity.   The earnest argument of learned counsel for contestants, both oral and written, has not persuaded me of the existence of any fact or circumstance, sworn to by any witness entitled to credit, which will tend to establish undue influence on the part of any person over the mind of the testator.   If the evidence of Michael Conklin is to be believed, —and I have considered it all; overruling, for that purpose, all the rulings of the learned assistant,—the testator does not seem to have been affected at all by his advice.   It does not appear to me, from Conklin's own story, that he had any influence whatever upon the testator's testamentary intentions.

To my mind, the will was a most natural one and a very just one.   The testator's love for his wife and her children by a former marriage was strong and abiding, and, beyond question, was worthily bestowed.   It may be true —I should be surprised if it were not—that his wife and her children wielded an influence over him far greater than that of any other person on earth. The contrary of this would be most unnatural and regretful.   The influence of the wife should be paramount to that of all the rest of the world; and human experience proves that it is so.   There is no direct evidence in this case that testator's wife or children attempted in any way to warp his judgment or sway his will, although they had an undoubted right to do both, by appealing to his love for them, and tender solicitude for their welfare after his death, to the extent of making ample provision for them out of his estate, even to bestowing it all upon them.

The court of appeals has again and again defined undue influence which will avoid a will.   The rule of decision there laid down not only controls this court, but it is entirely in accord with the simplest principles of sense and reason.   The court says in one case, which is but one of many holding the same doctrine, that, in order to avoid a will upon the ground of undue influence, it must be shown that the influence exercised amounted to moral coercion which restrained independent action, and destroyed free agency, or that, by importunity which he was unable to resist, the testator was constrained to do that which was against his free will and desire.   *Society* v. *Loveridge,* 70 N. Y. 394.   It is true that undue influence cannot be proved in the great ma-

jority of cases by direct evidence; that it can only be made out by circumstances, from which the conclusion, however, must be inevitable that the testator was reduced in his mentality to practical helplessness, and succumbed to an influence which made the will that of some other person, and not his own.    The circumstances disclosed in this case are very far from establishing any such condition of the mind of the testator.   Presiding Justice VAN BRUNT (*In re Lyddy's Will*, 5 N. Y. Supp. 639) states the law on the point with that precision and vigor so characteristic of all his opinions.   He says: "Undue influence, fraud, and duress must be proven as any other part of the contestant's case.   The mere fact that a wife has exercised influence upon her husband in relation to the disposition of his property, by will or otherwise, in no way supports the proposition that undue influence has been exercised.    Influence may always be exercised, and it is proper that it should be exercised; but it only becomes improper when it becomes undue, and it becomes undue when it substitutes the will of the person exercising the influence for the will of the person who is to do the act.   Arguments, persuasions, and suggestions may be made, so long as the person who is to do the act can weigh the suggestion, and has the ability, if so minded, to resist the influence. Then there is nothing undue in regard to it, although he may yield to it. And even if there was proof in this case that the proponent had requested the testator to make this will in her favor, and urged him to do it, it would have been no ground for finding that the influence which she exercised in the making of the will was such as to impeach the integrity of the instrument, and it would seem that the relations of the parties go to show beyond all question that no such influence was necessary in order that this will should be executed."   The opinion of the learned justice quoted is appropriate to the facts in the case at bar.   In all essential particulars the two cases are alike.   Revocation of probate is denied.